SHOUMAN ET AL., APPELLANTS, *v.*
NATIONWIDE INSURANCE COMPANY,
APPELLEE.

(No. 54175—Decided
February 16, 1988.)

*David M. Dworken, Ronald A. Margolis* and *Patrick J. Perotti,* for appellants.
*Bernard L. Kahn,* for appellee.

*Per Curiam.* In their sole assigned error appellants contend the trial court erred in granting summary judgment in favor of the appellee insurance company. The trial court held that gunshot wounds sustained by appellants did not result or arise out of the ownership, maintenance or use of an uninsured motor vehicle. Appellants were injured when armed robbers in an unidentified automobile intercepted the car appellants were driving. A chase ensued and, in the course of the chase, the automobile was rammed and one of the appellants was shot. The robbers forced appellants' automobile off the road. Appellants sustained further gunshot wounds as the robbers fired shots while exiting their automobile and while surrounding appellants' vehicle. The robbers fled with a substantial amount of cash.

The appellants sought to recover for their personal injuries under the uninsured motorist provision of the driver's automobile insurance policy. After the appellee insurance company denied coverage, appellants filed the instant complaint to enforce arbitration. The trial court denied that claim and granted summary judgment to appellee, holding that appellants' insurance coverage was only applicable to injuries sustained as the result of an automobile accident, and not to injuries sustained in the shooting/robbery.

The relevant question is whether there is a causal connection between the ownership, maintenance or use of the uninsured motor vehicle and the injuries sustained by the use of that vehicle. *Kish* v. *Central Natl. Ins. Group of Omaha* (1981), 67 Ohio St. 2d 41, 50, 21 O.O. 3d 26, 32, 424 N.E. 2d 288, 294. Under *Kish,* as a matter of law, there would be no causal connection between the ownership, maintenance or use of the uninsured motor vehicle and the injuries inflicted by the robbers after they had exited their vehicle. There would be a causal connection between

the use of the uninsured motor vehicle and bodily injuries sustained by appellants as a result of the ramming by the uninsured vehicle. We believe there is a question of fact as to whether a causal connection exists between the ownership, maintenance or use of the uninsured motor vehicle and the injuries sustained by appellants as a result of gunfire from that vehicle. It follows that summary judgment was improperly granted. Accordingly, we sustain the assigned error and remand the case for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PATTON, P.J., MARKUS and PARRINO, JJ., concur.

THOMAS J. PARRINO, J., retired, of the Eighth Appellate District, sitting by assignment.