**BUCKEYE UNION INSURANCE COMPANY, Appellant,**

v.

**CARRELL et al., Appellees.**

[Cite as *Buckeye Union Ins. Co. v. Carrell* (1991), 77 Ohio App.3d 319.]

Court of Appeals of Ohio,
Franklin County.

No. 91AP–347.

Decided Sept. 24, 1991.

*Timothy P. McCarthy,* for appellant.

*Philip M. Collins,* for appellee Ronald E. Carrell.

*Jerry Silverstein,* for appellees.

BOWMAN, Presiding Judge.

Plaintiff-appellant, Buckeye Union Insurance Company ("Buckeye"), appeals a decision granting summary judgment in favor of defendant-appellee, Ronald E. Carrell ("Carrell"), in a declaratory judgment action brought to determine the applicability of an uninsured motorist policy.

In April 1988, Carrell was employed by the Vaughan Motor Car Company ("Vaughan") and was in charge of maintaining used cars. A man purporting to be a prospective customer asked to drive a used car; Carrell's employer told Carrell to accompany the man on a test drive. The vehicle was a 1978 Pontiac Firebird which was insured by Vaughan under a policy with Buckeye providing $500,000 uninsured motorist insurance.

During the test drive, the driver picked up another man, who the driver alleged was a mechanic. The two men then physically overpowered Carrell. Carrell suffered numerous injuries as the men forced him onto the floor of the back seat of the car, and later dragged him from the car and shoved him into the trunk, hitting him repeatedly throughout this time. After the men used the car to rob a bank, Carrell discovered that they intended to kill him. Carrell was injured while escaping from the moving vehicle. Apparently, the robbers were never apprehended.

As a result of his injuries, Carrell sought coverage under Vaughan's uninsured motorist policy with Buckeye. In November 1989, Buckeye filed a declaratory judgment action seeking determination of whether Carrell was entitled to coverage. In December 1989, Carrell filed his own declaratory judgment action against his personal insurer, Celina Mutual Insurance Company ("Celina"), with which Carrell had contracted for $35,000 in uninsured motorist coverage. Upon motion by Buckeye, these two declaratory judgment

actions were consolidated in July 1990 and the trial court dismissed the action against Celina on Carrell's motion in August 1990.[1]

After stipulating to the facts, both Buckeye and Carrell filed summary judgment motions. In its decision issued February 1, 1991, the trial court incorporated the stipulated facts and concluded that there were no genuine issues of material fact. The court determined that Carrell was entitled to judgment as a matter of law since Carrell's injuries were accidental from Carrell's point of view and since the injuries arose out of the use of the uninsured motor vehicle. By judgment entry, the court sustained Carrell's and overruled Buckeye's respective summary judgment motions.

Buckeye appeals from the judgment of the trial court, raising one assignment of error:

"The trial court erred in finding uninsured motorist coverage available to defendant."

The uninsured motorist policy at issue in this matter provides, in part:

"1. We will pay all sums the insured is legally entitled to recover as damages from the owner or driver of an uninsured motor vehicle because of bodily injury caused by an accident. The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the uninsured motor vehicle."

In addition, the policy defines "uninsured motor vehicle" as:

" * * * [A] land motor vehicle or trailer:

" * * *

"c. For which an insuring or bonding company denies coverage * * *."

Finally, the policy states that uninsured motorist insurance under the policy does not apply to "[a]nyone using a vehicle without a reasonable belief that the person is entitled to do so."

■ Buckeye argues that Carrell is not covered since the car was essentially stolen. We find the trial court properly took the view that, because the driver initially drove with Vaughan's permission, the exclusion clause in the policy did not apply.

■ Buckeye also argues that, even if the exclusion did not apply, summary judgment was improper because Carrell's injuries did not arise out of the

---

1. Carrell's declaratory judgment action against Celina was included in the appeal to this court and both cases were consolidated. However, upon agreement of the parties, this court dismissed Celina without prejudice due to the fact that Celina had been dismissed as a party by the trial court. Thus, Celina is not a party to this appeal, and has not filed a brief in this matter.

ownership, maintenance or use of an uninsured motor vehicle, his injuries were not caused by the driver, and a genuine issue of fact existed as to whether the vehicle was uninsured.

Summary judgment is only proper where, construing the facts in a light most favorable to the nonmovant, the trial court determines that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

Buckeye argues that the trial court's decision was contrary to case law indicating that for a claimant to recover under an uninsured motorist policy, the injury must be " * * * intrinsically related to the operation of the vehicle * * *." *Kish v. Central Natl. Ins. Group* (1981), 67 Ohio St.2d 41, 52, 21 O.O.3d 26, 33, 424 N.E.2d 288, 295.

In *Kish,* the appellant's decedent was driving his insured vehicle when it was struck from behind by another vehicle. When appellant's decedent got out to talk to the other driver, that driver fatally shot him. The appellant sought coverage under an uninsured motorist policy; however, coverage was denied on the basis that the death did not arise out of the ownership, maintenance or use of an uninsured motor vehicle. The Ohio Supreme Court rejected the appellant's argument that, but for the automobile accident, decedent would not have been killed, holding instead that " * * * [t]he relevant inquiry is whether the chain of events resulting in the accident was unbroken by the intervention of any event unrelated to the use of the vehicle. * * *" *Kish, supra,* at 50, 21 O.O.3d at 32, 424 N.E.2d at 294.

The trial court distinguished *Kish,* and its progeny, *Howell v. Richardson* (1989), 45 Ohio St.3d 365, 544 N.E.2d 878, on the grounds that in those cases the claimant was the victim of gunshot fired by a driver in a separate vehicle. The court found that the facts in this case were analogous to those in *Shouman v. Nationwide Ins. Co.* (1988), 42 Ohio App.3d 159, 537 N.E.2d 696, in which the passengers were injured during a car chase involving armed robbers. In *Shouman,* some of the passengers' injuries resulted from the car, in which they were driving, being struck by the robbers' car and some from gunshots fired by the robbers. The court determined that the victims had sufficiently established a causal connection between their injuries received when their car was rammed by the uninsured motor vehicle, and reversed the summary judgment which had been granted below, although the court also found that there was no causal connection with the injuries received from the gunshots. *Shouman, supra,* at 160, 537 N.E.2d at 697. The *Shouman* court distinguished *Kish* on the grounds that *Kish* applied to injuries *outside* the vehicle, whereas in *Shouman,* some of the injuries occurred while the victims

were still considered passengers.  *Shouman, supra,* at 159, 537 N.E.2d at 696.

We hold that, insofar as Carrell's injuries occurred while he was a passenger of the vehicle, they were causally related to the use of the vehicle.  The assaults by the driver and his accomplice were in furtherance of the use of the vehicle to effect the bank robbery.  With this in mind, we reject Buckeye's additional argument that, because the accomplice and not the driver performed most of the physical assaults upon Carrell, the uninsured motorist policy did not apply.  The causal connection between the injuries and the use of the car was not severed simply because another passenger, with the driver's assistance and acquiescence, assaulted Carrell.

■ Finally, Buckeye argues that Carrell failed to establish that the vehicle was an uninsured motor vehicle.  We disagree.  The record in this case indicates that Carrell directed the trial court to *Rowe v. State Farm Mut. Ins. Co.* (1990), 66 Ohio App.3d 1, 583 N.E.2d 381, which followed *Watson v. Grange Mut. Cas. Co.* (1988), 40 Ohio St.3d 195, 532 N.E.2d 758, in holding that " * * * R.C. 3937.18 requires an analysis of the *tortfeasor's* insured status rather than the *vehicle's* status.  * * *" In this matter, the driver was uninsured; thus, the trial court could reasonably have found the uninsured motorist policy at issue applied to these facts.

We find that the trial court did not err in granting summary judgment in favor of Carrell and denying summary judgment to Buckeye.  Buckeye's assignment of error is therefore overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and TYACK, JJ., concur.