**WESTFIELD INSURANCE COMPANY, Appellee,**

v.

**CAHILL, Appellant.**

[Cite as *Westfield Ins. Co. v. Cahill* (1991), 76 Ohio App.3d 410.]

Court of Appeals of Ohio,
Seneca County.

No. 13–91–4.

Decided Oct. 12, 1991.

*Willis P. Jones, Jr.* and *Keith J. Watkins,* for appellee.

*John L. Huffman* and *Kenneth L. Mickel,* for appellant.

---

Evans, Judge.

This is an appeal from a judgment by the Court of Common Pleas of Seneca County in which the court determined, pursuant to an action for declaratory judgment, that the plaintiff had no responsibility under the policy to pay damages and that the defendant had no coverage under the underinsured motorist provisions of his insurance policy.

Daniel L. Cahill, appellant, had made arrangements to meet his lady friend at an establishment midway between their respective homes. As the lady friend drove to the meeting she was followed by her estranged husband in a

separate car. This fact was unknown to her at the time. Appellant and his lady left their meeting place for another location, each traveling in a separate vehicle. As the couple proceeded down the highway to their new destination the estranged husband made his presence known to appellant by pulling alongside appellant's motorcycle and firing a pistol at him. This shot missed and a high-speed chase followed with the estranged husband in hot pursuit and firing his weapon at the appellant from time to time. Over the course of the chase the appellant was struck by bullets and wounded twice. During this entire time the husband never left his vehicle, being able to press his pursuit of the appellant entirely through the use of his car.

Appellant made claim for his injuries under the uninsured motorist coverage of his insurance policy, which provided, in pertinent part, as follows:

### "PART C–UNINSURED MOTORISTS COVERAGE

#### "Insuring Agreement

"We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury:

"1. Sustained by a covered person; and

"2. Caused by an accident.

"The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle."

The trial court found that the insurance company had no obligation to pay its insured under the uninsured motorist language quoted above. The insured has appealed and asserts as his first assignment of error the following:

"The trial court erred in granting plaintiff-appellee's motion for summary judgment on the issue of whether reasonable minds can find that the injuries sustained by the defendant-appellant resulted 'from the ownership, maintenance or use' of the uninsured motor vehicle."

The trial court based its ruling on the holding of the Ohio Supreme Court in the case of *Howell v. Richardson* (1989), 45 Ohio St.3d 365, 544 N.E.2d 878. In the second paragraph of the syllabus the court states as follows:

"Bodily injury to an insured resulting from the discharge of a firearm by a tortfeasor is not encompassed within the terms of a policy of insurance which limits coverage to injuries 'caused by accident resulting from the ownership, maintenance or use of' an automobile." (Citation omitted.)

We find no substantial difference between the language quoted from the appellant's policy and the language contained in the policy in the *Howell* case.

We therefore conclude that *Howell* is controlling in this case and that as a matter of law the insurance policy affords the appellant no coverage under these facts. Thus, there is no issue upon which reasonable minds can differ. We overrule the assignment of error.

In deciding as we do we are not unmindful of the case of *Shouman v. Nationwide Ins. Co.* (1988), 42 Ohio App.3d 159, 537 N.E.2d 696, which stated the following in the syllabus:

"Where the passengers of a vehicle are pursued by fleeing felons, wounded by gunfire during the chase, and injured when their vehicle is rammed and forced off the road, reasonable minds could conclude that such injuries resulted from the ownership, maintenance or use of an uninsured motor vehicle. Thus, summary judgment on this issue is inappropriate in an action, instituted by the passengers, seeking recovery under the uninsured motorist provision of the driver's automobile insurance carrier."

Nevertheless, we believe that the holding in *Howell* precludes our adopting the reasoning of the *Shouman* case.

Appellant asserts for his second assignment of error the following:

"The trial court erred in denying defendant-appellant's motion for summary judgment on the issue of plaintiff's obligation to proceed to arbitration under the terms and conditions of its policy of insurance."

In view of our holding under the first assignment of error, that this policy provides no coverage to this appellant, it follows that there can be no right to arbitration under the policy. The second assignment of error is overruled.

Having found no error prejudicial to the defendant-appellant herein, in any of the particulars assigned and argued, the judgment of the trial court is affirmed.

*Judgment affirmed.*

HADLEY and SHAW, JJ., concur.