CARTER, Appellant,

v.

BURNS; State Farm Mutual Automobile Insurance Company, Appellee.

[Cite as *Carter v. Burns* (1993), 90 Ohio App.3d 787.]

Court of Appeals of Ohio,
Warren County.

No. CA93–02–016.

Decided Oct. 4, 1993.

Peeler, McGary & Zopff and Robert W. Peeler, for appellant.

Cash, Cash, Eagen & Kessel and Thomas L. Eagen, Jr., for appellee.

Per Curiam.

Plaintiff-appellant, Todd Carter, appeals a decision of the Warren County Court of Common Pleas which granted motions for summary judgment filed by his insurer, intervening defendant-appellee, State Farm Mutual Automobile Insurance Company ("State Farm").

The facts are not in dispute. On December 7, 1989, appellant, a police officer for the city of Mason Police Department, was engaged in the high-speed pursuit of an automobile driven by David Burns, Jr., an uninsured motorist. In an attempt to elude the police, Burns turned his vehicle into the driveway of a mobile home park. Burns drove his vehicle off the driveway and into a grassy area. Appellant turned into the park behind Burns and brought his cruiser to a halt a short distance from Burns's vehicle. Burns attempted to flee but lost control of his vehicle, and it collided with appellant's cruiser. In his deposition, appellant testified that he was not injured as a result of this collision.

Burns then exited his vehicle and began to run. Appellant exited his vehicle and ran after Burns. Five to ten seconds after exiting his vehicle and approximately ten to fifteen feet from the vehicles, appellant caught up with Burns and

grabbed the collar of Burns's jacket in an attempt to apprehend him. Burns continued to run, and appellant slipped and fell on the icy ground, sustaining injuries to his back.

Appellant's policy of automobile insurance with State Farm contains uninsured motorist coverage. The uninsured motorist provision provides as follows: "We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. *The bodily injury must be caused by accident arising out of the operation, maintenance or use of an uninsured motor vehicle.*" (Emphasis added.)

Appellant filed suit against Burns on December 6, 1991 and informed State Farm of this fact. Appellant had not previously notified State Farm that he had been involved in an accident on December 7, 1989. When Burns failed to answer or otherwise plead to appellant's complaint within the required time, appellant obtained a default judgment against him on March 23, 1992. The default judgment contained language stating that appellant had been injured as the result of Burns's negligent or reckless operation of a motor vehicle. State Farm subsequently intervened in the action and filed motions for summary judgment on the issues of whether it was bound by the default judgment against Burns and whether coverage under its uninsured motorist provision applied.

The trial court granted State Farm's motions for summary judgment, ruling that appellant's uninsured motorist policy afforded him no coverage because his injuries did not arise out of the "operation, maintenance or use" of a motor vehicle. The trial court further concluded that State Farm was not bound by the default judgment entry against Burns, "especially any purported determination in that entry to the effect that the plaintiff [appellant] was injured as the result of David Burns' negligent or reckless operation of a motor vehicle."

On appeal, appellant sets forth two assignments of error:

Assignment of Error No. 1:

"The trial court erred in granting State Farm's Motion for Summary Judgment on the issue of whether State Farm was bound by the default judgment against the tortfeasor, Burns."

Assignment of Error No. 2:

"The trial court erred in granting State Farm's Motion for Summary Judgment on the issue of whether Carter's bodily injuries resulted from the operation, use or maintenance of an uninsured motor vehicle pursuant to Carter's policy of insurance with State Farm."

As the ruling on appellant's second assignment of error is dispositive of his first assignment of error, it will be discussed initially.

In his second assignment of error, appellant argues that the trial court's grant of summary judgment to State Farm, denying coverage under appellant's uninsured motorist policy, was inappropriate. Appellant claims that a genuine issue of material fact exists as to whether his injuries arose out of the "operation, maintenance or use of an uninsured motor vehicle." Appellant argues that the entire incident giving rise to his injuries arose out of the negligent and/or reckless operation of Burns's uninsured motor vehicle because, but for Burns's operation of his vehicle, appellant would not have given chase in his cruiser and would not have slipped and fallen on the icy ground while running after Burns in an attempt to apprehend him on foot.

According to Civ.R. 56(C), summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Construing the evidence most strongly in favor of the nonmoving party, if it appears that reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, then summary judgment may be granted. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

According to the Ohio Supreme Court, uninsured motorist coverage, required by statute to be offered with every liability insurance policy delivered or issued for delivery in Ohio, " 'is designed to protect persons injured in *automobile accidents* from losses which, because of the tort-feasor's lack of liability coverage, would otherwise go uncompensated.' "[1] (Emphasis added.) *Curran v. State Auto. Mut. Ins. Co.* (1971), 25 Ohio St.2d 33, 38, 54 O.O.2d 166, 169, 266 N.E.2d 566, 569. The language in appellant's uninsured motorist policy specifically states that "the bodily injury must be caused by accident arising out of the operation, maintenance or use of an uninsured motor vehicle." Ohio cases have interpreted this and similar language and have consistently denied coverage in situations where the insured was not injured by the uninsured motor vehicle itself.

While almost any actual causal connection or relationship will meet the test of "arising out of the operation, maintenance or use of a motor vehicle," there must be a factual connection growing out of or originating with the operation or

---

1. Ohio's uninsured motorist statute, R.C. 3937.18, provides as follows:

"(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery * * * unless * * * the following are provided:

"(1) Uninsured motorist coverage, which shall * * * provide protection for bodily injury or death * * *, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom[.]"

use of the vehicle and the occurrence. *Nationwide Ins. Co. v. Auto–Owners Mut. Ins. Co.* (1987), 37 Ohio App.3d 199, 202, 525 N.E.2d 508, 511. The Ohio Supreme Court has rejected a "but for" analysis, as put forward by appellant in this case, for determining whether recovery should be allowed under uninsured motorist provisions. See *Kish v. Cent. Natl. Ins. Group* (1981), 67 Ohio St.2d 41, 50, 21 O.O.3d 26, 31–32, 424 N.E.2d 288, 294. For a claimant to recover under an uninsured motorist policy, the injury must be "intrinsically related to the operation of the [uninsured] vehicle." *Id.* at 52, 21 O.O.3d at 33, 424 N.E.2d at 295. According to the court: "The relevant inquiry is whether the chain of events resulting in the accident was unbroken by the intervention of any event unrelated to the use of the vehicle." *Id.* at 50, 21 O.O.3d at 32, 424 N.E.2d at 294.

Thus, the *Kish* court found that the shotgun slaying of an insured motorist following an automobile collision with an uninsured motorist did not arise out of the "ownership, maintenance, or use" of an uninsured motor vehicle for purposes of uninsured motorist coverage when the insured was not injured by the collision itself but was shot by the uninsured motorist after both parties had gotten out of their vehicles. *Id.* at 42, 52, 21 O.O.3d at 26–27, 33, 424 N.E.2d at 289, 295. The court explained that a factual situation in which the uninsured vehicle itself is the "injury causing instrumentality" would constitute a "use" of the uninsured vehicle under the terms of an uninsured motorist policy. *Id.* at 51, 21 O.O.3d at 32, 424 N.E.2d at 294. In affirming summary judgment for the insurer, the court concluded that the shooting which caused the insured's death constituted an act "wholly disassociated from and independent of the use of the vehicle as such." *Id.* at 50, 21 O.O.3d at 32, 424 N.E.2d at 294.

The decision in *Kish* was later clarified by the Ohio Supreme Court in *Howell v. Richardson* (1989), 45 Ohio St.3d 365, 544 N.E.2d 878. *Howell* reiterated that the focus of the *Kish* holding was the instrument causing the death or injury. *Id.* at 369, 544 N.E.2d at 882. The *Howell* court affirmed a directed verdict for the insurer, holding that bodily injuries caused by an insured tortfeasor, when he discharged a firearm at the windshield of an automobile which had rammed his vehicle from behind, did not arise out of his "ownership, maintenance, or use" of the vehicle within the meaning of his automobile insurance policy. *Id.*

Appellate courts have consistently applied the law set out in *Kish* in subsequent cases, denying coverage where the particular uninsured motorist policy required that the bodily injury arise out of the ownership, operation, maintenance or use of an uninsured vehicle and where the injury was not directly inflicted by the uninsured vehicle. See, *e.g., Westfield Ins. Co. v. Cahill* (1991), 76 Ohio App.3d 410, 602 N.E.2d 339 (affirming summary judgment for insurer and denying uninsured motorist coverage where injuries were sustained by insured when uninsured motorist shot at insured while he was riding motorcycle);

*Shouman v. Nationwide Ins. Co.* (1988), 42 Ohio App.3d 159, 537 N.E.2d 696 (denying uninsured motorist coverage, as matter of law, where injuries were sustained by insured motorists after their vehicle had been forced off road by uninsured vehicle and uninsured motorists had exited their vehicle and discharged firearms into insureds' vehicle); *State Farm Mut. Auto. Ins. Co. v. Latimore* (Nov. 5, 1992), Cuyahoga App. No. 63142, unreported, 1992 WL 328680 (affirming summary judgment for insurer and denying uninsured motorist coverage where insured sustained injuries when he slipped and fell while running after uninsured motorist who had collided with his automobile because injuries did not arise out of "operation, maintenance or use" of uninsured motor vehicle as required by insurance policy).

Accordingly, we find that *Kish* and its progeny are applicable and controlling in the case at bar. Contrary to appellant's contentions, his injuries had nothing to do with the "operation, maintenance or use" of Burns's uninsured vehicle. Rather, appellant's injuries were caused by slipping on the icy ground while he was pursuing Burns on foot after both had exited their vehicles. Thus, the uninsured motor vehicle was not the "injury causing instrumentality" as required under *Kish*. Here, the chain of events resulting in the accident which caused appellant's injuries was broken by the intervention of an event unrelated to the operation or use of the uninsured vehicle. Appellant's "but for" analysis of causation is too remote. We find no logical, causal connection between the operation or use of Burns's uninsured vehicle and appellant's injuries.

In cases such as this where the injuries to the insured were caused by something other than the uninsured motor vehicle, Ohio courts have consistently denied coverage. There is no issue upon which reasonable minds can differ, and the trial court properly granted State Farm's motion for summary judgment. Appellant's second assignment of error is overruled.

In his first assignment of error, appellant argues that the trial court erred in granting summary judgment to State Farm and finding that State Farm was not bound by the default judgment appellant obtained against the tortfeasor, Burns. In view of our holding under appellant's second assignment of error that the State Farm uninsured motorist policy provides no coverage to appellant in this case, this argument is moot. Accordingly, appellant's first assignment of error is overruled.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

JONES, P.J., KOEHLER and WALSH, JJ., concur.