Plaintiff-appellant Gregory Babb appeals from a summary judgment rendered in favor of defendant-appellee State Farm Mutual Automobile Insurance Company. Babb argues that the trial court erred in granting summary judgment to State Farm because reasonable minds could differ as to whether his bodily injuries were caused by an "accident arising out of the operation, maintenance or use of an uninsured motor vehicle."
We conclude that Babb's injuries, which were caused when a passenger in another vehicle intentionally threw an unopened bottle of beer at him, striking him, were not caused by an "accident arising out of the operation, maintenance or use of an uninsured motor vehicle." Thus, the trial court did not err in granting summary judgment in State Farm's favor with respect to Babb's claim for uninsured motorist coverage. Accordingly, the judgment of the trial court is Affirmed.
 I
In February, 1996, Babb and his friend Kevin Stanley went to Sloopy's Bar in downtown Dayton. Stanley subsequently became involved in an altercation with several men, two of whom were later identified as Stanley Girzell and Bradley Bir. When Babb and Stanley tried to leave the bar, a bouncer warned them that several men were waiting for them outside, and advised them to wait in the back for awhile. Babb and Stanley subsequently decided to leave the bar by the back entrance. As the pair started to leave the parking lot in Babb's pick-up truck, Girzell saw them and started to chase the truck in which Babb and Stanley were riding. When Girzell could not catch Babb's truck on foot, Girzell ran back to Bir's truck, and ordered Bir to follow Babb and Stanley.
Bir and Girzell caught up with Babb and Stanley as the latter two reached the State Route 35 overpass on Keowee Street. As Babb slowed down for a traffic light, Bir pulled his truck up to Babb's truck, and Girzell rolled down his window and hurled a full bottle of beer at Babb's window. The bottle broke the window, striking Babb in the head, injuring him.
In January, 1997, Babb filed a Complaint against Girzell, Bir, and his automobile insurance company, State Farm, seeking damages for personal injuries against Girzell and Bir, and uninsured motorist coverage from State Farm. In March, 1998, State Farm moved for summary judgment. The trial court initially overruled State Farm's motion for summary judgment, but subsequently rendered summary judgment in favor of State Farm after State Farm had requested the trial court to reconsider its earlier decision. Babb eventually settled with Bir for an undisclosed amount, and dismissed his lawsuit against Girzell, without prejudice, on December 1, 1998.
Babb appeals from the summary judgment rendered in favor of State Farm.
 II
Babb's single assignment of error states:
 THE TRIAL COURT ERRED IN SUSTAINING APPELLEE STATE FARM MUTUAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT.
A court may grant a motion for summary judgment if no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 66.
Babbs argues that he is entitled to uninsured motorist coverage under his policy with State Farm because the vehicle that chased him "played a causitive [sic] role in his injury." We disagree.
Babb's insurance policy with State Farm provides in pertinent part:
 We will pay damages for bodily injury an insured
is legally entitled to collect from the owner or driver of an uninsured motor vehicle. The bodily injury must be caused by an accident arising out of the operation, maintenance or use of an uninsured motor vehicle. (Emphasis sic.)
In Kish v. Cent. Nat'l Ins. Group (1981), 67 Ohio St.2d 41, the decedent of plaintiff-appellant, Kish, was driving his insured vehicle. While stopped at a traffic light, another vehicle struck him from behind. Kish got out of his vehicle to confer with the other driver. The driver of the other vehicle emerged from his vehicle carrying a shotgun. Kish tried to get back to his car, but before he could do so, the other driver fatally shot him.
Kish carried an automobile insurance policy with an uninsured motorist provision which stated that damages for bodily injury must result from "an accident arising out of the ownership, maintenance, or use of the uninsured vehicle." The plaintiff-appellant (Kish's wife and the administratrix of his estate) argued that the Kish's death was caused by an accident arising out of the ownership, maintenance, or use of an uninsured vehicle. The Ohio Supreme Court disagreed.
First, the court rejected the use of a "but for" analysis in determining whether recovery should be allowed under the uninsured motorist provision. Instead, the court held, "[t]he relevant inquiry is whether the chain of events resulting in the accident was unbroken by the intervention of any event unrelated to the use of the vehicle." Id. at 50. Applying that standard, the court concluded that "the intentional, criminal act of the murderer was an intervening cause of injury unrelated to the use of the vehicle." Id. Quoting from the decison of the court of appeals, the Ohio Supreme Court stated, "the death resulted from an act wholly disassociated from and independent of the use of the vehicle as such." Id.
The court distinguished several out-of-state cases cited by plaintiff- appellant, by stating that those cases "all consider intentional acts directed at insureds in which the injury causing instrumentality isthe vehicle itself." Id. at 51. The court noted that both of the insurers involved in the case either "implicitly acknowledge[d]," or "recognize[d]" that if the murderer had used his vehicle instead of a shotgun to kill Kish, then coverage would have existed, because Kish's death, under those circumstances, would have resulted from an accident arising out of the "use" of an uninsured vehicle. Id.
In Howell v. Richardson (1989), 45 Ohio St.3d 365, 369, the insured, Richardson, was driving his pickup truck when he became involved in a heated argument with Howell and Bayless, who were in Howell's vehicle. The argument eventually escalated into a chase. During the chase, Richardson's truck was struck from behind by Howell's vehicle. After the chase had ended, Howell and Bayless got out of their vehicle and walked towards Richardson, apparently to confront him. When Richardson drove his truck towards them, they retreated to Howell's vehicle and drove to the parking lot of a gas station. Richardson followed them there, positioning his truck to block the second entrance to the parking lot. Howell and Bayless accelerated towards Richardson, and Richardson fired a gun directly at the windshield of Howell's vehicle, seriously injuring Bayless.
Bayless sued Richardson, seeking damages for his personal injuries. Richardson's insurance policy stated that the insurer would "pay damages which an insured becomes legally liable to pay because of * * * bodily injury to others * * * caused by accident resulting from the ownership, maintenance or use of your car[.]"Id. at 368. (Emphasis sic.) Both the trial court and court of appeals held that under Kish, supra, no coverage existed under Richardson's automobile insurance policy. The Ohio Supreme Court affirmed the judgment of the court of appeals, noting that the focus of the holding in Kish was "the instrumentality causing death." Id.
at 369. The court stated that "had the death in Kish resulted from the intentional ramming from behind of decedent's automobile by the tortfeasor's vehicle, recovery would have been allowed." Id.
The court concluded by stating:
 Accordingly, it is our conclusion that bodily injury to an insured resulting from the discharge of a firearm by a tortfeasor is not encompassed within the terms of a policy of insurance which limits coverage to injuries "caused by accident resulting from the ownership, maintenance or use of" an automobile. Id.
See, also Westfield Ins. Co. v. Cahill (1991), 76 Ohio App.3d 410
(pursuant to Howell, supra, no coverage existed for motorcyclist who was shot twice by his "lady friend's" estranged husband, while the husband was driving his car in pursuit).
Here, a thrown beer bottle, not a vehicle, was the instrument that caused Babb's injuries. Bir's and Girzell's use of a vehicle was no different from that of Richardson's use of his vehicle. Therefore, pursuant to Howell,supra, Babb's injuries were not caused by an accident arising out of the "use" of an uninsured motor vehicle.
Babb argues that Howell is distinguishable because it is not clear in that opinion whether Richardson was inside his truck when he fired the shot. However, the unreported appellate opinion in that case does make it clear that Richardson was in his truck when he fired the shots at Howell and Bayless. See Howell v. Richardson (Dec. 29, 1987), Franklin App. No. 86AP-678, unreported ("The trial court also found that plaintiff [Bayless] was a passenger in one motor vehicle while defendant's insured [Richarson] was the operator of another; [and] that while operating such vehicle defendant's insured exchanged shots with another person in the vehicle in which plaintiff was a passenger)."
Babb further argues that Howell is distinguishable because, in this case, Girzell and Bir needed to get "extremely close" to his vehicle in order to attack him with the beer bottle, whereas in Howell, the tortfeasor used a gun, which enabled him to fire the weapon at a distance, thereby lessening his need to use a vehicle to carry out his attack on Howell and Bayless. We find this argument unpersuasive, too. Richardson used a vehicle to chase down Howell and Bayless in the same manner that Bir and Girzell used a vehicle to chase down Babb and Stanley. The fact that Bir and Girzell needed to pull up closer to Babb's vehicle in order to throw the beer bottle at Babb does not justify a different result in this case.
We conclude that the trial court did not err in rendering summary judgment in favor of State Farm with respect to Babb's claim for uninsured motorist coverage.
Babb's sole assignment or error is overruled.
 III
Babb's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and WOLFF, JJ., concur.
Copies mailed to:
Gary D. Plunkett
Kevin C. Connelll
Michael T. Hall
Hon. Patrick J. Foley