DECISION AND JUDGMENT ENTRY
This case comes before the court on appeal from a grant of summary judgment to appellee, Grange Mutual Insurance Company ("Grange"). Appellant, Charles J. Williams, Jr., Administrator of the Estate of Brandy Williams, deceased, appeals that judgment and sets forth the following assignment of error:
 "I. THE TRIAL COURT ERRED IN CONCLUDING, AS A MATTER OF LAW, THAT THE INJURIES SUFFERED BY PLAINTIFF-APPELLANT DID NOT ARISE OUT OF THE OPERATION, MAINTENANCE OR USE OF AN UNINSURED MOTOR VEHICLE, THEREBY DENYING ACCESS TO THE UNINSURED MOTORIST COVERAGE PURCHASED FROM DEFENDANT-APPELLEE. (ERROR IS REFLECTED AT PAGE 7 OF THE TRIAL COURT'S OPINION AND JUDGMENT ENTRY. SEE PAGE 7, EXHIBIT A.)"
The relevant facts of this case are derived from the stipulation of facts agreed to and filed by the parties. A portion of the recited facts are quoted from the stipulation.On February 13, 1998, Joseph Chappell entered the apartment of Vivian Morris and stabbed her and her two children. Chappell then returned to his home in order to get a shotgun and some ammunition. Chappell proceeded to a K-Mart on Alexis Road in Toledo, Lucas County, Ohio, where he carjacked a blue minivan from Sue Carter, who immediately gave him her keys when Chappell threatened her with the shotgun. Taking the minivan, Chappell searched for the two emergency medical vehicles transporting Morris and her children to Toledo Hospital. He encountered the vehicles on Jackman Road and shot at, and injured, two of the firefighters in those vehicles. Chappell then left the scene in the stolen minivan.
Chappell drove down Barrows Street, where Brandy Williams was just stepping out of her truck in front of her home. "Chappell demanded that Brandy give him her truck. She refused and ran to the front door of her residence. As she was running to the house, Chappell shouted `Give me your keys, Bitch,' and shot Brandy Williams in the back as she was reaching for the slightly opened inside door. She later died of her injuries."
Chappell continued his rampage, showing up at Toledo Hospital where he was seen by a police officer. Chappell sped off in the minivan, was later pursued by the police, engaged in a shoot-out with law enforcement personnel and was ultimately shot and killed by four police officers.
At the time of her death, Brandy Williams' vehicle was insured by Grange. The material portion of the Grange insurance policy reads:
"Part C-UNINSURED MOTORISTS COVERAGE * * *
 "A. We will pay damages which an insured is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of:
 "1. Bodily injury suffered by the insured and caused by an accident; * * *
"2. * * *
 "The owner's or operator's liability for these damages must arise out of the ownership, maintenance, or use of the uninsured motor vehicle."
Appellant, Brandy's husband, commenced the instant action against Grange, seeking a declaration that Brandy Williams was entitled to coverage under the uninsured provision of the Grange motor vehicle insurance policy and a determination of the amount of the damages to which appellant was entitled.
Grange answered and filed a motion for summary judgment. The sole basis of the motion was a claim that the bodily injury to Brandy Williams, and the damages resulting therefrom, did not "arise out of the ownership, maintenance or use" of an uninsured vehicle. In reply, appellant contended the attack was related to the use of Brandy's vehicle and that this was a sufficient nexus to establish coverage pursuant to the uninsured provision of her Grange policy. The common pleas court disagreed and granted Grange's motion for summary judgment. This appeal followed.
In his sole assignment of error, appellant again maintains that the trial court erred in granting Grange's motion for summary judgment because Brandy's use of her own vehicle provides a sufficient "causative link" between the uninsured vehicle, that is, the blue minivan, and her bodily injury to entitle her to coverage pursuant to her uninsured motorist policy.
Civ.R. 56(C) provides that summary judgment can be granted only if (1) no genuine issue of material fact remains to be litigated; (2) it appears from the evidence that reasonable minds can reach but one conclusion and that conclusion is adverse to the nonmoving party; and (3) the moving party is entitled to summary judgment as a matter of law. Horton v. Harwick Chem.Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus. The law is well-settled as it pertains to the issue presented by appellant. The seminal case is Kish v. Cent. Natl Group of Omaha
(1981), 67 Ohio St.2d 41. In Kish, the victim was struck from behind while stopped at a red light. He exited his vehicle to speak with the driver of the other vehicle. The other driver emerged from his vehicle and shot and killed the victim as he attempted to re-enter his vehicle. The deceased's wife, as administratrix of his estate, asserted that she had a claim under the uninsured motorist provision of her motor vehicle insurance policy. Id. at 42. The Ohio Supreme Court determined that the claim of an insured under the uninsured provision of an insurance policy may not be denied only on the basis that the injury received was intentionally inflicted by another. Id. at paragraph one of the syllabus. However, although the administratrix in Kish
argued that the rear end collision caused by the uninsured car precipitated the shooting, the Kish court found that the intentional act of shooting the deceased did not arise "from an accident arising out of the ownership, maintenance, or use" of the uninsured vehicle, as required under the victim's policy. Id. at 49-52. The Kish court held:
 "A `but for' analysis is inappropriate to determine whether recovery should be allowed under uninsured motorist provisions of the Nationwide policy and the Central policy. The relevant inquiry is whether the chain of events resulting in the accident was unbroken by the intervention of any event unrelated to the use of the [uninsured] vehicle. The application of this standard to the instant facts leads us to conclude that the intentional, criminal act of the murderer was an intervening cause of injury unrelated to the use of the [uninsured] vehicle. As the court below stated, `the death resulted from an act wholly disassociated from and independent of the use of the [uninsured] vehicle as such.'" (Emphasis added.) Id. at 50. See, also, Lattanzi v. Travelers Co. (1995), 72 Ohio St.3d 350; Howell v. Richardson (1989), 45 Ohio St.3d 365; Scott v. Nationwide Mut. Ins. Co. (Dec. 23, 1999), Lucas App. No. L-99-1191; Ray v. Estate of Montgomery (Dec. 18, 1998), Mahoning App. No. 96-CA-49, unreported.
The dispositive clause in this case is the same as inKish, that is, the injury must flow from the ownership, maintenance or use of the uninsured motor vehicle, in this case, the blue minivan. Because her motor vehicle was not the uninsured vehicle, the fact that Brandy Williams had the keys to her truck in her hand does not create a question of fact as to whether her injury arose from the use of an uninsured vehicle.
The fact that the instrumentality, a shotgun, rather than the uninsured minivan (or any other vehicle considered uninsured), caused the bodily injury to Brandy Williams is the undisputed dispositive fact. In other words, the criminal act of shooting Brandy Williams was an intervening act unrelated to Chappell's use of the uninsured minivan. Therefore, Brandy Williams is not entitled to coverage and appellant cannot recover damages under the Grange uninsured motorist policy.
The two cases cited by appellant as similar to the case before us can be distinguished on the basis that the bodily injury received by the insured were causally related to the use of the uninsured motor vehicle. See Bakos v. Insura Property and Cas.Ins. Co. (1997), 125 Ohio App.3d 548 (tortfeasor struck the insured several times while the insured was operating the motor vehicle and then pushed the insured out of the vehicle onto the street; injuries to the insured were possibly caused by the motor vehicle itself); and Buckeye Union Ins. Co. v. Carrell (1991),77 Ohio App.3d 319 (to the extent that the insured's injuries occurred while he was a passenger of the motor vehicle, they were causally related to the use of that vehicle). Thus, these two cases are inapplicable to the case at bar. Accordingly, reasonable minds could only reach one conclusion and that conclusion is adverse to appellant; the trial court did not err in granting summary judgment to Grange as a matter of law. Appellant's sole assignment of error is found not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Richard W. Knepper, P.J., Mark L. Pietrykowski, J., JUDGES CONCUR.
 ____________________________ Melvin L. Resnick, J.