JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Veronica Arrowood appeals from a judgment of the Cuyahoga County Common Pleas Court that granted defendant-appellee Nationwide Insurance Company's motion for summary judgment. Arrowood argues that the trial court erred in granting Nationwide's motion for summary judgment because she submitted sufficient evidence to demonstrate that a genuine issue of material fact exists as to whether her injury arose from the use of an uninsured motor vehicle. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} The record before us reveals that on March 24, 1999, Arrowood suffered serious injuries as a result of being shot by Robert Lemieux Jr. Lemieux shot Arrowood from his parked car while Arrowood was standing on the back porch of her grandmother's home. After shooting Arrowood, Lemieux fled the scene in his car. Lemieux was driving an uninsured vehicle at the time he shot Arrowood.
 {¶ 3} On January 5, 2001, Arrowood filed a complaint alleging that she is entitled to recover uninsured motorist coverage benefits from her automobile liability insurer, Nationwide, pursuant to its UM/UIM coverage.[1]
 {¶ 4} In November and December of 2001, Nationwide and Arrowood filed cross-motions for summary judgment regarding Arrowood's claim for UM/UIM coverage. Nationwide argued that Arrowood was not entitled to coverage because her injuries did not arise from a motor vehicle, but from the independent criminal act of Lemieux. Arrowood argued that there was an issue of fact with regard to whether Lemieux's uninsured motor vehicle was a key instrument used to perpetrate the shooting. The trial court granted Nationwide's motion for summary judgment upon finding no genuine issue of fact on the issue of coverage. Specifically, the trial court found that "plaintiff is not entitled to uninsured motorist coverage under the Nationwide policy since plaintiff's injuries did not arise from the ownership, maintenance or use of an uninsured motor vehicle, but from the independent act of a tortfeasor and the discharge of a firearm." Arrowood now appeals from that judgment and raises one assignment of error for our review.
 {¶ 5} "I. The trial court erred in granting summary judgment to defendant Nationwide Insurance Company on plaintiff's UM/UIM claim and further erred by denying plaintiff's cross-motion for summary judgment against Nationwide."
 {¶ 6} In this assignment of error, Arrowood claims that the trial court erred in granting summary judgment in favor of Nationwide since there is a question as to whether Lemieux's automobile was a key instrumentality used to cause her injuries. In support of this belief, Arrowood argues that Lemieux never exited his car, that he used the car to facilitate a drinking and drug binge just prior to shooting her, that he shot her from inside his car and then used his car to flee the scene. Arrowood also argues that the criminal indictment brought against Lemieux found that his car was an "instrument" "intended for the use in the commission of a felony." Nationwide maintains that Arrowood was injured by a gunshot wound and not a motor vehicle. The issue here is whether the trial court properly granted Nationwide's motion for summary judgment.
 {¶ 7} We begin by noting that an appellate court reviews a trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105. De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether, as a matter of law, no genuine issues exist for trial. Brewer v. Cleveland City Schools (1997),122 Ohio App.3d 378, citing Dupler v. Mansfield Journal (1980),64 Ohio St.2d 116, 119-120.
 {¶ 8} Summary judgment is appropriate where it appears that (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. WillisDay Warehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C).
 {¶ 9} The burden is on the movant to show that no genuine issue of material fact exists. Id. Conclusory assertions that the nonmovant has no evidence to prove its case are insufficient; the movant must specifically point to evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc. which affirmatively demonstrate that the nonmovant has no evidence to support his claims.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293; Civ.R. 56(C). Unless the nonmovant then sets forth specific facts showing there is a genuine issue of material fact for trial, summary judgment will be granted to the movant.
 {¶ 10} With these principles in mind, we proceed to consider whether the trial court's grant of summary judgment in Nationwide's favor was appropriate.
 {¶ 11} The Ohio Supreme Court has held that claims made under uninsured motorist provisions limit coverage to injuries caused by accidents arising out of the "ownership, maintenance or use" of an automobile. Kish v. Central Nat. Ins. Group (1981), 67 Ohio St.2d 41;Howell v. Richardson (1989), 45 Ohio St.3d 365; Lattanzi v. TravelersIns. Co. (1995), 72 Ohio St.3d 350. See, also, Stenger v. Lawson (2001),146 Ohio App.3d 550; Carter v. Burns (1993), 90 Ohio App.3d 787.
 {¶ 12} The key consideration in such a case is the instrumentality causing the injury. Id. "Bodily injury to an insured resulting from the discharge of a firearm by a tortfeasor is not encompassed within the terms of a policy of insurance which limits coverage to injuries `caused by accident resulting from the ownership, maintenance or use of' an automobile." Howell, supra at 369. Rather, the injury must be directly inflicted by the uninsured vehicle. Carter, supra at 791.
 {¶ 13} Here, the conduct that inflicted harm upon Arrowood was the act of Lemieux shooting her with his gun. Thus, the instrumentality that caused injury to Arrowood was the gun rather than the uninsured vehicle. Uninsured motorist provisions compensate for injuries caused by motor vehicles; they typically do not compensate for, or protect from, the evil that men do." Lattanzi, supra at 353.
 {¶ 14} Arrowood relies on Shouman v. Nationwide Insurance Company
(1988), 42 Ohio App.3d 159, where this court determined that there was an issue of fact regarding whether injuries sustained by plaintiffs as a result of gunfire from a motor vehicle were covered by a UM/UIM policy. However, we believe that the holding in Howell precludes our adopting the reasoning of the Shouman case. See Westfield Insurance Company v. Cahill
(1991), 76 Ohio App.3d 410, 412.
 {¶ 15} We do not find that Arrowood's injuries had anything to do with the "operation, maintenance or use" of Lemieux's uninsured vehicle. Rather, her injuries were caused by the discharge of a firearm. Thus, the uninsured motor vehicle was not the "injury causing instrumentality" as required under Kish. We find no logical, causal connection between the operation or use of Lemiuex's uninsured vehicle and Arrowood's injuries. Accordingly, the trial court did not err in granting Nationwide's motion for summary judgment and denying Arrowood's cross-motion for summary judgment.
 {¶ 16} Plaintiff's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., and DIANE KARPINSKI, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. 112, Section 2(A)(1).
[1] {¶ a} The uninsured motorist policy at issue in this matter provides, in part:
 {¶ b} "We will pay compensatory damages, including derivative claims, which are due by law to you or a relative from the owner or driver of an uninsured motor vehicle because of bodily injury suffered by you or a relative. Damages must result from an accident arising out of the:
 {¶ c} "1. Ownership;
{¶ d} "2. Maintenance; or
{¶ e} "3. Use;
{¶ f} of the uninsured motor vehicle."