HALL, Plaintiff-Appellee, v. UNITED STATES FIDELITY AND GUARANTY COMPANY, NATIONWIDE MUTUAL INSURANCE CO., Defendants-Appellants, BURLEY, Defendant-Appellee.

Ohio Appeals, Seventh District, Mahoning County.

No. 3940; Decided October 9, 1957.

Harrington, Huxley & Smith, Youngstown, for plaintiff-appellee.
William E. Pfau, William E. Pfau, Jr., Youngstown, for Nationwide Mutual Insurance Company, defendant-appellant.
David C. Haynes, Youngstown, for United States Fidelity and Guaranty Company, defendant-appellant.
Joseph W. Moore, Youngstown, for defendant-appellee.

## OPINION
By PHILLIPS, J.

Plaintiff Hall, his employee Elmer L. Burley, United States Fidelity and Guaranty Company insurer of plaintiff's Studebaker automobile, and Nationwide Mutual Insurance Company insurer of plaintiff's Willys Jeep will be referred to herein as Hall, Burley, United States Fidelity and Guaranty and Nationwide respectively.

While trying to start the jeep by towing with the Studebaker Burley was squeezed between the two vehicles while waiting to attach a tow line to the Studebaker and was injured allegedly as the result of Hall's

negligence in permitting the Studebaker, which Hall was driving, to slip backward.

Subsequently Burley commenced an action in the court of common pleas against Hall to recover damages for personal injuries.

The policies of each of the insuring defendants contained the following insuring agreement provision:—

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by the accident and arising out of the ownership, maintenance or use of the automobile."

Each of the insuring defendants refused to assume Hall's defense in the action filed by Burley in the court of common pleas.

Hall then commenced an action in the court of common pleas against United States Fidelity and Guaranty, Nationwide and Burley in which he sought a declaratory judgment to determine whether the exclusion provisions, to which reference is made hereinafter, apply to the facts involved in the case commenced in the court of common pleas against Hall by Burley to recover damages for his injuries, and whether there is an obligation on the insuring defendants to defend the case filed by Burley and pay any damages on Hall's behalf. This is the action we now consider.

An exclusion provision in each policy under consideration reads as follows:—

"This policy does not apply * * * to bodily injury * * * of any employee of the insured while engaged in the employment, other than domestic, of the insured or in domestic employment if benefits therefor are either payable or required to be provided under any workmen's compensation law."

Workmen's compensation not being in the case the insuring defendants disclaim liability to Hall on the ground that Burley was Hall's employee other than a domestic and therefore was not covered by their policies of insurance.

Nationwide further disclaimed liability on the ground that Burley's injuries did not arise out of the "ownership, maintenance or use of the jeep," as provided in the quoted insuring agreement provision.

The trial judge found without the intervention of a jury that Burley was an employee of Hall engaged in domestic employment; that the exclusion provisions of the insuring defendants' policies of insurance do not apply; and that the defendant insurers were bound to Hall by their general obligation to pay damages on his behalf, and entered judgment accordingly.

Insuring defendants separately appealed on questions of law from the judgment of the trial court in the declaratory judgment action.

Burley's amended petition filed in case number 148231 in the court of common pleas in his action against Hall to recover damages for personal injuries was by stipulation of the parties attached to the petition in the declaratory judgment action for consideration of the court in the case we review the same as though the amended petition had been filed prior to the taking of testimony.

In a word Burley's amended petition alleges his employment by Hall, his duties, his inability to start the jeep the use of which was necessary to discharge some of his duties, Hall's and Burley's attempt to start the jeep by towing the jeep with the Studebaker, Hall's alleged negligence in backing the Studebaker toward the jeep into Burley injuring him; and charges Hall with failing to keep a lookout behind the Studebaker and to observe Burley, backing the Studebaker at an unreasonable and improper speed, failing to maintain control of the Studebaker, and to observe Burley in a position of imminent danger in time to have decreased the speed of the Studebaker, stopped or "turned it aside," and avoided striking Burley, and finally in failing to "exercise ordinary care or caution for the safety of the person of the plaintiff who was lawfully upon his property."

Hall, a practicing physician, lived with his family on a farm on which the home, barn and other buildings were situated. Burley was employed by Hall for $75.00 per month with room and board furnished in the family residence.

Further the evidence disclosed that Burley worked in the residence, the barn, the garden and on the farm. Without "allocating his time and effort between work in the house and farm work, the evidence would indicate that the majority of his work was devoted to the garden, the cattle and the farm."

Hall contends that Burley was a domestic employee. Defendant insurers contend that Burley was an employee other than a domestic within the quoted exclusion provision of their policies.

Answering first Nationwide's reason for refusing to pay on the ground of ownership, maintenance or use of the jeep the relationship of the jeep to Burley's injury was neither remote nor incidental. Hall and Burley were trying to start the jeep at all of the times involved. Burley's injury resulted from being squeezed between the Studebaker and the jeep. Without the use and ownership of the vehicles Burley would not have been squeezed. That the jeep was not in motion and not being operated by Hall is of no consequence. In our opinion there was a clear proximate connection between the ownership and use of the jeep and use of the jeep and Burley's injuries.

As stated by the trial judge in his opinion:—

"It is true that Burley's petition contained no charge of negligence in connection with Dr. Hall's ownership, maintenance or use of the jeep, nor does the evidence before me show any. But negligence is not referred to in the coverage provision. As one of the cases cited by defendant Nationwide says, 'The obligation to defend exists regardless of the insurance company's ultimate liability to the insured.' See **101 Oh Ap 37**."

Clearly as held by the trial judge Nationwide is not relieved of its policy obligation by the exclusion clause under consideration, nor is either of the defendant insurers relieved from liability to defendant under the exclusion clause in both policies.

Coming now to consider whether either or both of the insuring defendants are relieved of liability to Hall by reason of the exclusion provision in each of their policies the question in controversy is whether

Burley was in domestic employment or in employment other than a domestic.

The determination of this question depends upon the allegations of Burley's petition, which are heretofore stated, and upon the evidence in the declaratory judgment action.

In the case of **Toms v. Hartford Fire Ins. Co., 146 Oh St 39,** the supreme court said:—

"A contract of insurance prepared and phrased by the insurer is to be construed liberally in favor of the insured and strictly against the insurer, where the meaning of the language used is doubtful, uncertain or ambiguous."

In construing the word "employe" within an exclusion provision similar to that in the policies of each of defendant insurers in the case of **Home Indemnity Co. v. Village of Plymouth, 146 Oh St 96,** the supreme court said at page 101:—

"Courts universally hold that policies of insurance, which are in language selected by the insurer and which are reasonably open to different interpretation, will be construed most favorably to the insured."

The Supreme Court went on to consider the question what was within the contemplation of the parties when they entered into the insurance contract, and at page 104 said:—

"In other words, the scheme of coverage indicated that the insured was seeking to secure, and the insurer was agreeing to give, coverage to the village as to all persons who might suffer injury or death by the negligent operation of the truck other than those who, as employee, were covered by the workmen's compensation law."

Clearly like considerations are applicable to the case we review.

Webster's New International Dictionary, Second Edition, defines the word "domestic" as: "In the position of a member of a household; of or pertaining to the household or family; relating to one's home or homelife; as, domestic life, duties, cares." The noun "household" is defined as "a domestic establishment."

We believe, as did the trial judge, that the fact that Burley "did farm work and could have been called a farm laborer does not necessarily prevent him from being in domestic employment."

Hall's residence was on a farm but the farm still constituted a part of his home and household. Hall was a practicing physician, and when he chose to live on a tract of agricultural land and cultivate it he did not thereby become a farm operator whose employees became farm laborers as distinguished from domestic employees notwithstanding he sold excess milk not used for family purposes.

The cases cited in the briefs with reference to the construction of wills gives a broad interpretation to the phrase "domestic servants," and other cited cases give an unusually broad interpretation to domestic employees under various workmen's compensation laws.

While these cases do not directly involve the questions presented in this appeal they indicate a liberal interpretation by the courts even where rules of construction do not as here require a liberal interpretation of the insurance policy in favor of the insured.

Full consideration of the pleadings, evidence and law presented in this appeal support the soundness of the reasoning of the trial court and his judgment, in which a majority of the court find no error in any of the respects charged by the insuring defendant, should be and hereby is affirmed.

GRIFFITH, J, concurs.
NICHOLS, PJ, dissents.

## DISSENTING OPINION

By NICHOLS, PJ.
The evidence clearly discloses that Elmer L. Burley was not a domestic servant and therefore is not covered by the policies of insurance sued upon.