ROWE, Appellant,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

[Cite as *Rowe v. State Farm Mut. Auto. Ins. Co.* (1990), 66 Ohio App.3d 1.]

Court of Appeals of Ohio
Lucas County.

No. L–88–396.

Decided Jan. 12, 1990.

**2**

*Williams, Jilek & Lafferty Co., L.P.A.,* and *Robert M. Scott,* for appellant.
*George C. Ward,* for appellee.

Connors, Judge.

This matter is before the court on appeal from a judgment of the Lucas County Court of Common Pleas.

On April 30, 1986, appellant, Ernie L. Rowe, was injured in a one-car accident. At the time of the accident, Rowe was a passenger in his own car which was being operated by Rowe's uncle, Larry D. Justice. At the time, Rowe maintained an insurance policy with appellee, State Farm Mutual Automobile Insurance Company ("State Farm").

However, State Farm denied Rowe coverage for the injuries he sustained in the above-mentioned accident. Rowe, thereafter, filed a complaint against State Farm alleging breach of the insurance contract. Both Rowe and State Farm then filed motions for summary judgment. In a December 2, 1988 judgment entry, the court held that pursuant to a valid exclusionary clause contained in the policy, Rowe was properly denied liability coverage for his injuries. The court further held that Rowe's vehicle was still covered under the policy, thereby preventing Rowe from recovering uninsured motorist benefits. It is from this judgment that Rowe appeals setting forth the following assignments of error:

Assignment of Error I

"The trial court erred in granting summary judgment to defendant-appellee as the exclusion contained in the liability portion of the policy upon which the court relied in denying liability benefits is invalid and contrary to public policy."

Assignment of Error II

"The trial court erred in granting summary judgment to defendant-appellee on the uninsured motorist coverage as appellant is entitled to such coverage under ORC 3937.18."

Rowe contends, in his first assignment of error, that the court erred in validating the exclusion clause contained in the liability portion of the insurance policy. The clause at issue provides:

"THERE IS NO COVERAGE:

" * * *

"2. For any bodily injury to:

" * * *

"(C) Any insured or any member of an insured's family residing in the insured's household."

In addressing the issue of exclusion clauses in insurance policies, the Supreme Court of Ohio has held:

"Public policy does not prevent the issuance and enforcement of an automobile liability insurance policy containing a reasonable exclusionary clause, within the uninsured motorists provision, prohibiting intrafamilial recovery of damages against the issuer of the policy. * * *." *Dairyland Ins. Co. v. Finch* (1987), 32 Ohio St.3d 360, 513 N.E.2d 1324, paragraph two of the syllabus.

The court further reasoned that insurance companies retain the right to impose reasonable exclusions in order to deter collusive lawsuits. *Id.* at 366, 513 N.E.2d at 1330.

The exclusion contained in Rowe's policy, commonly known as a "household exclusion," is clear and unambiguous. We follow the reasoning set forth by the Supreme Court of Ohio in *Dairyland* and hold that the exclusion in the present case is neither unreasonable nor against public policy. Accordingly, Rowe's first assignment of error is found not well taken.

For his second assignment of error, Rowe contends that the court erred in denying him coverage under the uninsured motorist provision of the policy. Specifically, Rowe asserts that if the aforementioned exclusion applies, he is uninsured and therefore is entitled to uninsured motorist coverage. State Farm rejects this argument by noting that the policy clearly excludes the insured vehicle from uninsured motorist coverage. The parties do not presently dispute the fact that the vehicle involved in the accident was the

"insured vehicle." [1] However, we disagree with State Farm's application of R.C. 3937.18, the statute governing uninsured motorist coverage.

■ This is because R.C. 3937.18 requires an analysis of the *tortfeasor's* insured status rather than the *vehicle's* status. The Supreme Court of Ohio recently dealt with the scope and interpretation of a standard uninsured motorist policy in *Watson v. Grange Mut. Cas. Co.* (1988), 40 Ohio St.3d 195, 532 N.E.2d 758. The court held that:

" * * * [A]lthough the policies allude to accidents arising from the ownership, maintenance or use of the uninsured automobile, the endorsement clearly is directed toward the uninsured motorist. The coverage's clear focus is on the operator, not the vehicle. It is axiomatic that drivers cause accidents, not inanimate vehicles. The purpose of the uninsured motorist statute is not to provide coverage for an uninsured vehicle but rather to afford the insured additional protection in the event of an accident. * * * " *Id.* at 197, 532 N.E.2d at 760. [2]

The *Watson* case leads us to the following analysis. Larry D. Justice had no insurance of his own. Because he was driving Rowe's insured vehicle with Rowe's permission, Justice is an "insured" under the policy's definition. Rowe is also an "insured" under the policy since the policy is in his name.

Having already determined that the clause excluding "insureds" from liability coverage is valid, Justice is an uninsured motorist with relation to Rowe. [3] Rowe's injuries were caused by an uninsured tortfeasor. Rowe, then, may recover under the uninsured motorist provision of his policy. Accordingly, appellant's second assignment of error is found well taken.

On consideration whereof, the court finds substantial justice has not been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is reversed. This cause is remanded to said court for further proceedings not inconsistent with this decision. It is ordered that appellee pay the court costs of this appeal.

*Judgment reversed*
*and cause remanded.*

---

1. In March 1986, Rowe purchased a 1975 GMC Blazer. He claims that he notified State Farm of his purchase on March 31, 1986 so that State Farm could amend Rowe's existing policy to reflect the new vehicle. Appellee denied receiving such notice. However, the trial court agreed with Rowe and granted Rowe's motion for summary judgment as to the notice issue.

2. See, also, *Smith v. Heritage Mut. Ins. Co.* (1988), 48 Ohio App.3d 67, 547 N.E.2d 1235.

3. We note that, in a similar fact situation, Justice would be deemed an insured motorist with regard to third parties who do not meet the definition of an "insured" under this policy.

ABOOD, J., concurs.

GLASSER, J., dissents.

GLASSER, Judge, dissenting.

While I concur in regard to the first assignment of error, I must respectfully dissent as to the majority's disposition of the second assignment of error.

The trial court properly granted summary judgment to the appellee on the uninsured motorist coverage. Appellant is not entitled to such coverage under R.C. 3937.18. As the court has stated in regard to the first assignment of error, under the *Dairyland* standard the household exclusion in the present case is clear and unambiguous, neither unreasonable nor against public policy, and is, therefore, valid.

I disagree with the conclusion that the trial court erred in denying appellant coverage under the uninsured motorist provision of the policy as alleged in the second assignment of error. It is clearly inconsistent to grant appellant coverage under his policy's uninsured motorist provision in the presence of a valid household exclusion clause. In a similar circumstance, the Fifth District Court of Appeals stated that an automobile does not become uninsured simply because an exclusion applies to a person who maintains the policy. *Nussbaum v. Progressive Cas. Ins. Co.* (1988), 61 Ohio App.3d 1, 572 N.E.2d 119. To hold otherwise would nullify an exclusion already determined to be valid.