JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-Appellant, Progressive Insurance Company ("Progressive"), appeals from the decisions of the common pleas court granting the motion for summary judgment of plaintiff-appellee, Kari L. Disinger ("Disinger"), denying Progressive's motion for summary judgment and further declaring that Disinger was entitled to uninsured motorist coverage under the policy of insurance issued by Progressive as a matter of law. After reviewing the arguments of the parties, and for the reasons set forth below, we affirm.
 {¶ 2} On September 30, 2003, Disinger filed a complaint against Progressive seeking a declaration that she was entitled to uninsured motorist benefits under her policy of insurance with Progressive. This complaint arose from an automobile accident involving Disinger that occurred on August 16, 2002. According to the evidence presented to the trial court, on the day of the accident, Disinger was returning home from dinner at a restaurant in Lakewood, Ohio. She was heading eastbound on Interstate 90 without any passengers, traveling in the second lane from the right. Traffic was light, and the roads were clear and dry. Then, according to Disinger, as she intended to change lanes, a truck or "semi-trailer" sped by and passed her. As this truck was passing her, the rear of the truck was open, and a "rock" fell from the back of it and hit her vehicle. As a result of the collision between her vehicle and the aggregate that fell from the truck, Disinger lost control and proceeded to ride out several flips and spins before coming to a rest in the berm of the highway.
 {¶ 3} Disinger sustained injuries from this accident and sought ways to be compensated. Since Disinger was ultimately unable to ascertain the identity of the truck or its driver, she attempted to receive benefits under the uninsured motorist provisions of her auto insurance policy with Progressive. However, Progressive denied her coverage stating that her claim, and the circumstances of it, were not supported by sufficient corroborating evidence; thus, Disinger was not entitled to uninsured motorist benefits. Thereafter, Disinger filed her September 30, 2003 complaint seeking a declaration from the court that she was, in fact, entitled to these benefits.
 {¶ 4} On March 8, 2004, Progressive filed a motion for summary judgment. On May 15, 2004, Disinger filed her cross-motion for summary judgment, to which Progressive filed a brief in opposition on June 22, 2004. Ultimately, on July 21, 2004, by way of journal entry, the trial court granted Disinger's motion for summary judgment, denied Progressive's motion for summary judgment, and further declared that Disinger was, in fact, entitled to uninsured motorist coverage under the policy of insurance issued by Progressive as a matter of law.
 {¶ 5} Progressive now appeals this ruling alleging three assignments of error for our review:
 {¶ 6} "I. The trial court committed reversible error in granting summary judgment in favor of plaintiff and deciding that she is entitled to insurance coverage under the applicable policy of insurance as a matter of law pursuant to R.C. 3937.18 and Girgis v. State Farm Mut.Auto. Ins. Co., 75 Ohio St.3d 202, 1996-Ohio-111."
 {¶ 7} "II. The trial court committed reversible error in failing to strike the affidavit of john faloon."
 {¶ 8} "III. The trial court committed reversible error in denying the motion for summary judgment of defendant progressive on its counterclaim for declaratory judgment in that the plaintiff is not entitled to insurance coverage under the applicable policy of insurance issued by defendant progressive as a matter of law."
 {¶ 9} Assignments of Error I and III both challenge the ultimate rulings by the trial court on the applicable motions for summary judgment. Since they are substantially interrelated and their issues are ultimately dispositive, we discuss them first.
 {¶ 10} Progressive challenges the rulings on both motions for summary judgment that were before the trial court. "Civ.R. 56(C) specifically provides that, before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267.
 {¶ 11} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330,106 S.Ct. 2548, 91 L.Ed. 2d 265; Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115, 526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356,604 N.E.2d 138.
 {¶ 12} In Dresher v. Burt (1996), 75 Ohio St.3d 280, 662 N.E.2d 264, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, 570 N.E.2d 1095. Under Dresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record whichdemonstrate the absence of a genuine issue of fact or material element ofthe nonmoving party's claim." Id. at 296. (Emphasis in original.) The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 13} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 622 N.E.2d 1153. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saundersv. McFaul (1990), 71 Ohio App.3d 46, 50, 593 N.E.2d 24; Link v.Leadworks Corp. (1992), 79 Ohio App.3d 735, 741, 607 N.E.2d 1140.
 {¶ 14} The ultimate issue for this court to rule on in the case at bar is whether the trial court correctly held that Disinger was entitled to uninsured motorist benefits. In ruling against Progressive's motion for summary judgment and their counterclaim, and conversely granting Disinger's motion for summary judgment and declaring her entitled to the uninsured motorist benefits, the trial court stated the following in its journal entry filed July 21, 2004:
 {¶ 15} "The outcome of this case is governed by both former Ohio Revised Code 3937.18(D)(2) and by Girgis v. State Farm Mut. Auto. Ins.Co. (1996), 75 Ohio St.3d 302.
 {¶ 16} "It should be noted that Girgis only requires corroborating evidence, not eyewitness testimony or evidence in order for a claim to go forward. England v. Grange Mut. Ins. Co. (Dec. 23, 1997), Franklin App. No. 97APE07-894. Upon consideration of the briefs and attendant evidentiary materials submitted, the court finds that Plaintiff's testimony satisfies the independent corroborative evidence test for recovering uninsured motorist (UM) benefits under her insurance contract with Progress. (sic) The Court further finds that unidentified aggregate determined to be some substance other than asphalt is additional evidence that tends to supplement and strengthen Plaintiff's testimony. Lazovicv. State Auto Insurance (July 9, 1998), Cuyahoga App. 72968. Therefore, this hereby declares that Plaintiff is entitled to uninsured motorist coverage under the policy of insurance issued by Progress. (sic)"Disinger v. Progressive Insurance Company (July 21, 2004), Cuyahoga County Court of Common Pleas No. CV-03-511443.
 {¶ 17} The pertinent part of Disinger's Progressive insurance policy, section 5, subsection c, subparagraph ii, reads as follows:
 {¶ 18} "[I]ndependent corroborative evidence exists to prove that the bodily injury was proximately caused by the negligence or intentional actions of the unidentified operator of the motor vehicle. The testimony of an insured person seeking payment under this Part III shall not constitute independent corroborative evidence unless the testimony issupported by additional evidence." (Emphasis added.)
 {¶ 19} This language provided in the actual policy itself is almost identical to the statutory language of R.C. 3937.18(B)(3), the applicable statute for uninsured and underinsured motorist coverage. Thus, according to the language of both the applicable statute and the policy itself, all that is needed to support summary judgment on Disinger's behalf, granting her the pertinent insurance benefits, is additional evidence that would support her claim that a rock falling from the back of a "semi-trailer" caused the accident at issue here.
 {¶ 20} The "additional evidence" offered by Disinger to support her claim was the actual piece of aggregate that fell from the truck and hit her car causing the accident. Disinger presented evidence that the aggregate was retrieved from the scene of the accident and kept by Disinger herself, and that there were markings on the aggregate that matched her automobile. Finally, Disinger offered to the court an affidavit of one John Faloon. Faloon is recognized by the State of Ohio as a Level II Asphalt Technician, and the effect of his testimony was that, after analyzing the aggregate himself, he did not believe it was asphalt and it was inconsistent with being something one would expect to encounter normally on a highway, such as part of a pothole or construction debris. Taking into consideration all of the evidence presented by Disinger, the trial court found, and this court agrees, that Disinger's claim was supported by sufficient "additional evidence" pursuant to both the applicable statutory language and policy language such that there are no issues of material fact that remain for trial.
 {¶ 21} Progressive questions whether this aggregate could constitute "additional evidence" that would render Disinger's testimony sufficient to satisfy the requirements of the policy and R.C. 3937.18. Progressive appears to be advocating a strict interpretation of the applicable statutory language and requiring something more along the lines of third-party eyewitness testimony or physical contact between the insured and uninsured motorists. However, the trial court correctly cited Girgis
in holding that the applicable statutory language should be interpreted liberally in deciding these cases. Girgis v. State Farm Mut. Auto. Ins.Co. (1996), 75 Ohio St.3d 302. In Girgis, the Supreme Court of Ohio stated:
 {¶ 22} "Adherence to the physical contact requirement effectively deprives insured individuals of any recovery under uninsured motorist coverage even when independent third-party testimony is available. It strikes us that this is precisely the sort of situation against which uninsured motorist coverage was designed to protect. See Reddick,37 Ohio St.2d at 123, 66 Ohio Op.2d at 261-262, 308 N.E.2d at 457; Abatev. Pioneer Mut. Cas. Co. (1970), 22 Ohio St.2d 161, 165, 51 Ohio Op.2d 229, 231, 258 N.E.2d 429, 432; Watson v. Grange Mut. Cas.Co. (1988), 40 Ohio St.3d 195, 196-197, 532 N.E.2d 758, 759. We also note that R.C. 3937.18 will be `construed liberally in order to effectuate the legislative purpose that coverage be provided to persons who are injured through the acts of uninsured motorists.' Reddick, 37 Ohio St.2d at 123, 66 Ohio Op.2d at 262, 308 N.E.2d at 457, citing Curran v. State AutoMut. Ins. Co. (1971), 25 Ohio St.2d 33, 54 Ohio Op.2d 166,266 N.E.2d 566." Id.
 {¶ 23} With that frame of mind, this court finds that the trial court properly held Disinger's "additional evidence" to be sufficient and dispositive that she is, in fact, entitled to the uninsured motorist benefits she seeks. Thus, Progressive's assignments of error I and III are without merit.
 {¶ 24} In its remaining assignment of error II, Progressive contends that the trial court should have excluded the affidavit and testimony of John Faloon, witness for Disinger. Upon review of Progressive's arguments concerning this issue, this court finds them all to be without merit. The testimony of this witness was simply to demonstrate his opinion that the aggregate he was presented with was not asphalt. Specifically, Faloon stated, in pertinent part: "[T]he aggregate chunk is inconsistent with it being either a concrete `pop-out' from a pothole or chunk of `rubber-ized' concrete frequently found in the reconstruction of roadway base." See Brief of Appellant Progressive Preferred Insurance Company, p. 15. His testimony supports the contention in Disinger's claim. The testimony had no other purpose. As one qualified in the field of his testimony, as Faloon was here, the testimony in question is well within the parameters of the Ohio Rules of Evidence. Therefore, this court finds no merit in Progressive's second assignment of error.
 {¶ 25} We find the trial court proper in its rulings and ultimate declaration that Disinger was entitled to uninsured motorist benefits under her Progressive insurance policy.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., and Rocco, J., Concur.