[Cite as *Renfrow v. Norfolk S. Ry. Co.*, 2013-Ohio-1189.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98715**

## CLEO J. RENFROW

PLAINTIFF-APPELLEE

vs.

## NORFOLK SOUTHERN RAILWAY COMPANY

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-764958

**BEFORE:** Blackmon, J., S. Gallagher, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 28, 2013

**ATTORNEYS FOR APPELLANT**

Patrick C. Booth
David A. Damico
Ira L. Podheiser
Burns White, L.L.C.
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

**ATTORNEYS FOR APPELLEE**

Michael L. Torcello
Christopher M. Murphy
Doran & Murphy, P.L.L.C.
1234 Delaware Avenue
Buffalo, NY 14209

PATRICIA ANN BLACKMON, J.:

**{¶1}** Appellant Norfolk Southern Railway Company ("Norfolk Southern") appeals the trial court's denial of its motion to administratively dismiss the complaint of appellee Cleo Renfrow ("Mrs. Renfrow"), as personal representative of the estate of Gerald B. Renfrow ("Mr. Renfrow"). Norfolk Southern assigns the following error for our review:

> **I. The trial court erred when it found that the decedent, Gerald Renfrow's treatment at a VA facility meant that he did not have to submit a report from a competent medical authority, when he presented no medical records indicating that he was exposed to asbestos or that asbestos caused his lung cancer.**

**{¶2}** Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

**{¶3}** Mr. Renfrow was a veteran who served in the United States Air Force as an airman from February 15, 1961 to May 7, 1964. Mr. Renfrow later worked for Norfolk Southern as a brakeman beginning in 1968 until 1992 when he retired due to back problems. For more than 50 years, Mr. Renfrow smoked one-and-one-half packs of cigarettes per day.

**{¶4}** In March 2010, Mr. Renfrow was diagnosed with lung cancer and utilized the Veterans Administration for his healthcare. Mr. Renfrow was treated for lung cancer at Richard L. Roudebush VA Medical Center, the CBOC VA Health Care System and VA Marion, Indiana. During the course of treatment at the Veterans Administration, Mr.

Renfrow did not have a regular treating doctor, but a variety of doctors and nurse practitioners. On January 22, 2011, Mr. Renfrow passed away while receiving palliative care treatment in a hospice care center.

{¶5} On September 22, 2011, Mrs. Renfrow, as representative of the estate of Mr. Renfrow, filed suit against Norfolk Southern alleging asbestos-related injuries under the Locomotive Boilers Inspection Act ("LBIA"), seeking relief pursuant to the Federal Employers' Liability Act ("FELA"). Mrs. Renfrow alleged that during her husband's career with the railroad, he was continuously exposed to various toxic substances, including diesel exhaust and asbestos, in violation of federal law. Mrs. Renfrow further alleged that the exposures to asbestos caused Mr. Renfrow to develop lung cancer.

{¶6} On April 15, 2012, Norfolk Southern moved to administratively dismiss Mrs. Renfrow's claims, alleging she had failed to comply with the prima facie filing requirements of R.C. 2307.92(C). That statute requires a smoker bringing a tort action alleging an asbestos claim to provide certain medical documentation before a prima facie claim may be made.

{¶7} Mrs. Renfrow responded by submitting her husband's Veterans Administration's medical records relating to his treatment for lung cancer. She also offered an affidavit from Darl Rockenbaugh, a railroad coworker, detailing Mr. Renfrow's exposure to asbestos throughout his tenure with Norfolk Southern. Rockenbaugh, who worked with Mr. Renfrow throughout Indiana, Ohio, Illinois, and

Michigan averred that from 1968 when Mr. Renfrow was hired, he was exposed to asbestos on a regular basis.

{¶8} Specifically, Rockenbaugh averred that he had first-hand, personal knowledge of the use of asbestos containing products on the railroad; that he and Mr. Renfrow sometimes worked 8-to-16 hour shifts seven days per week. Rockenbaugh averred that the condition of the asbestos insulation was poor from wear and tear, poorly maintained, and the two men regularly breathed the asbestos dust.

{¶9} Rockenbaugh also averred that the locomotives the two men worked on contained significant amounts of asbestos throughout the units. He stated that the cabins were heated with hot water and the pipes feeding the radiators were wrapped with white asbestos insulation. The pipes were at floor level and Rockenbaugh and Renfrow came in regular contact with the worn, frayed, and dusty asbestos containing insulation throughout their respective tenure with Norfolk Southern.

{¶10} In addition, Mrs. Renfrow submitted an expert report from Dr. Laxminarayana C. Rao. Dr. Rao, is board certified in internal medicine and pulmonary medicine; he is also a NIOSH certified B-reader, specifically trained in the detection of pneumoconiosis on chest x-ray.

{¶11} The case proceeded to a hearing, and the trial court denied the motion to administratively dismiss. The trial court found that Mrs. Renfrow submitted evidence, "consisting of Mr. Renfrow's hospital records, history of smoking, asbestos exposure, and

a report from a competent medical authority is sufficient to establish a prima facie case as required by R.C. 2307.92 and 2307.93." Norfolk Southern now appeals.

## Administrative Dismissal

{¶12} In the sole assigned error, Norfolk Southern argues that the trial court should have administratively dismissed the complaint because Mrs. Renfrow failed to present prima facie evidence from a "competent medical authority" that exposure to asbestos was a "substantial contributing factor" to the development of Mr. Renfrow's lung cancer.

{¶13} On September 2, 2004, Am.Sub.H.B. 292 became effective, and its key provisions were codified in R.C. 2307.91 through 2307.98. *Farnsworth v. Allied Glove Corp.*, 8th Dist. No. 91731, 2009-Ohio-3890. The statutes require plaintiffs who assert asbestos claims to make a prima facie showing by a competent medical authority that exposure to asbestos was a substantial contributing factor to their medical condition resulting in a physical impairment. *Cross v. A-Best Prods. Co.*, 8th Dist. No. 90388, 2009-Ohio-3079; Am. Sub. H.B. 292, Section 3(A)(5).

{¶14} "Substantial contributing factor" is defined as "[e]xposure to asbestos [that] is the predominate cause of the physical impairment alleged in the asbestos claim" and that "[a] competent medical authority has determined with a reasonable degree of medical certainty that without the asbestos exposures the physical impairment of the exposed person would not have occurred." *Link v. Consol. Rail Corp.*, 8th Dist. No. 92503, 2009-Ohio-6216; R.C. 2307.91(FF)(1) and (2). In *Ackison v. Anchor Packing Co.*, 120

Ohio St.3d 228, 2008-Ohio-5243, 897 N.E.2d 1118, the Ohio Supreme Court construed the statute as requiring that asbestos exposure be a significant, direct cause of the injury to the degree that without the exposure to asbestos, the injury would not have occurred. *Id.*

{¶15} Directly relevant to this case, specifically because Mr. Renfrow smoked a pack and a half of cigarettes per day for more than 50 years, R.C. 2307.92(B), (C), and (D), respectively, prohibit plaintiffs from maintaining asbestos actions based upon: (1) nonmalignant conditions; (2) smoker lung-cancer claims; and (3) wrongful death, unless the plaintiff in one of these situations can establish a prima facie showing in the manner described in R.C. 2307.93(A).

{¶16} Any plaintiff who bases his claim on any of the three circumstances listed in R.C. 2307.92(B), (C), or (D), must file "a written report and supporting test results constituting prima facie evidence of the exposed person's physical impairment" meeting the requirements specified in those sections. R.C. 2307.93(A)(1).

{¶17} Specifically, R.C. 2307.92(C)(1) sets forth the requirements a smoker with lung cancer must present to establish a prima facie case, including, evidence from a competent medical authority that the exposed person has primary lung cancer, and that the exposure to asbestos is a substantial contributing factor; evidence that there was a latency period of ten or more years since the exposure and the diagnosis of lung cancer; and evidence of either the exposed person's substantial occupational exposure or evidence that the exposure to asbestos was at least equal to 25 fiber per cc years as determined to a

reasonable degree of scientific probability by a certified industrial hygienist or safety professional.[1]

{¶18} Under R.C. 2307.93(A)(1), defendants may challenge the adequacy of the plaintiff's prima facie evidence. R.C. 2307.93(B) provides that if the defendant does challenge the   adequacy of the plaintiff's prima facie evidence, the court "shall determine from all of the evidence submitted" whether the proffered prima facie evidence meets the minimum requirements for cases involving smoker lung cancer, as specified in R.C. 2307.92(C).   The trial court shall resolve the issue of whether the plaintiff has made the prima facie showing required by division (B), (C), or (D) of section 2307.92 of the Revised Code by applying the standard for resolving a motion for summary judgment. R.C. 2307.93(B).

{¶19} If the court finds, after considering all of the evidence, that the plaintiff failed to make a prima facie showing, then "[t]he court shall administratively dismiss the plaintiff's claim without prejudice." *Wilson v. AC&S, Inc.*, 169 Ohio App.3d 720, 2006 Ohio 6704, 864 N.E.2d 682 (12th Dist.); R.C. 2307.93(C).   Summary judgment is reviewed de novo on appeal. *Parenti v. Goodyear Tire & Rubber Co.*, 66 Ohio App.3d

---

[1] The Ohio Supreme Court has determined that "[t]he prima facie filing requirements of R.C. 2307.92 are procedural in nature, and their application to claims brought in state court pursuant to the FELA and the LBIA does not violate the Supremacy Clause, because the provisions do not impose an unnecessary burden on a federally created right." *Norfolk S. Ry. Co. v. Bogle*, 115 Ohio St.3d 455, 2007-Ohio-5248, 875 N.E.2d 919. Therefore, the prima facie requirements contained in R.C. 2307.92(C)(1) do apply to this case.

826, 586 N.E.2d 1121 (9th Dist. 1990). Summary judgment is proper only when the movant demonstrates that, viewing the evidence most strongly in favor of the non-movant, reasonable minds must conclude that no genuine issue as to any material fact remains to be litigated, and the moving party is entitled to judgment as a matter of law. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

**{¶20}** Furthermore, summary judgment "must be awarded with caution. Doubts must be resolved in favor of the non-moving party." *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, 876 N.E.2d 1217, citing *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 359, 1992-Ohio-95, 604 N.E.2d 138. Thus, if a defendant challenges the medical evidence presented by a plaintiff, the evidence must be construed most favorably for the plaintiff and against the defendant. *Id*. at ¶ 29.

**{¶21}** In the instant case, Norfolk Southern contends the trial court should have administratively dismissed the case because Mrs. Renfrow never produced any records from her husband's treating physician or hospitals that discuss asbestos exposure or discuss a link between asbestos and his lung cancer.

**{¶22}** However, in denying Norfolk Southern's motion to administratively dismiss the case, the trial court relied on our decision in *Sinnott v. Aqua-Chem, Inc.*, 8th Dist. No. 88062, 2008-Ohio-3806, which addressed the issue of whether a veteran utilizing his veterans' benefits for the treatment of his lung cancer, without a traditional treating doctor, is bound by the prima facie filing requirements of R.C. 2307.92(C).

**{¶23}** In *Sinnott*, as well as in the present case, the plaintiff's treating physicians were employed by the Veterans Administration, which we have found to limit plaintiff's ability to experience the typical doctor-patient relationship that was envisioned by the statute. There, we recognized that achieving the typical doctor-patient relationship in the statute is not a bright line test, nor is it the sole factor in the statute. *Id.* The fact that plaintiff was examined by a doctor employed by the Veterans Administration does not diminish the value of the evidence contained in the medical records. *Id.*

**{¶24}** R.C. 2307.91(Z) defines "competent medical authority" as a medical doctor who is providing a diagnosis for purposes of constituting prima facie evidence of an exposed person's physical impairment that meets the requirements specified in [R.C. 2307.92] and who meets the following requirements:

> **(1) The medical doctor is a board-certified internist, pulmonary specialist, oncologist, pathologist, or occupational medicine specialist.**
>
> **(2) The medical doctor is actually treating or has treated the exposed person and has or had a doctor-patient relationship with the person.**
>
> **(3) As the basis for the diagnosis, the medical doctor has not relied, in whole or in part, on any of the following:**
>
> **(a) The reports or opinions of any doctor, clinic, laboratory, or testing company that performed an examination, test, or screening of the claimant's medical condition in violation of any law, regulation, licensing requirement, or medical code of practice of the state in which that examination, test, or screening was conducted;**
>
> **(b) The reports or opinions of any doctor, clinic, laboratory, or testing company that performed an examination, test, or screening of the claimant's medical condition that was conducted without clearly establishing a doctor-patient relationship with the claimant or medical personnel involved in the examination, test, or screening process;**

**(c)The reports or opinions of any doctor, clinic, laboratory, or testing company that performed an examination, test, or screening of the claimant's medical condition that required the claimant to agree to retain the legal services of the law firm sponsoring the examination, test, or screening.**

**(4) The medical doctor spends not more than twenty-five per cent of the medical doctor's professional practice time in providing consulting or expert services in connection with actual or potential tort actions, and the medical doctor's medical group, professional corporation, clinic, or other affiliated group earns not more than twenty per cent of its revenues from providing those services.**

{¶25} Recently, in *Whipkey v. Aqua-Chem, Inc.*, 8th Dist. No. 96672, 2012-Ohio-918, a case also involving a nontraditional patient, utilizing veterans' benefits for treatment of lung cancer, we reaffirmed our decision in *Sinnott*. In *Whipkey* we considered it immaterial that plaintiff's experts were not his treating physicians. *Id*. We concluded that R.C. 2307.92 was not intended to penalize a nontraditional patient like the decedent who was properly diagnosed by competent medical personnel and had medical records and other evidence to support his claim. *Id*.

{¶26} Dr. Rao, is a competent medical authority; he reviewed Mr. Renfrow's medical records, and he opined in pertinent part as follows:

**I have come to the conclusion within a reasonable degree of medical certainty that Mr. Renfrow had inoperable lung cancer with brain metastasis. \* \* \* I have also come to the conclusion, based upon his occupational exposure to asbestos dust and diesel fumes and exhaust, that he was occupationally exposed to these carcinogens. Asbestos dust and diesel fumes and exhaust are known carcinogens, and exposure to these increases the risk of lung cancer substantially. In addition he was a smoker. Smoking increases the risk of lung cancer substantially in the presence of occupational exposure to asbestos dust, diesel fumes and exhaust. Therefore it is my opinion within a**

**reasonable degree of medical certainty that occupational exposure to asbestos dust, diesel fumes and exhaust in part contributed to the development of his lung cancer and eventual death.**

{¶27} Here, without utilizing magic words, Dr. Rao's opinion supplied the causal link between Mr. Renfrow's occupational exposure to asbestos dust, diesel fumes, and exhaust and him developing lung cancer and eventually dying. Dr. Rao opined that Mr. Renfrow's exposure to these known carcinogens, acted synergistically with his cigarette smoking to greatly increase the risk of developing lung cancer beyond what would have been expected from only smoking or only being exposed to asbestos dust.

{¶28} Consequently, because Dr. Rao's report provided the crucial causal link between Mr. Renfrow's occupational exposure to asbestos dust, diesel fumes and exhaust and him developing lung cancer, the trial court was on firm ground in concluding that Mrs. Renfrow had established a prima facie case as required by R.C. 2307.92 and 2307.93.

{¶29} Unlike, for example, the situation we faced in *Rossi v. Conrail*, 8th Dist. No. 94628, 2010-Ohio-5788, where decedent's treating physician's belief that asbestos exposure "may have" played a role in the development of his lung cancer, did not state an opinion to a reasonable degree of medical certainty. There, "may have" was purely conjecture and could not suffice to make a prima facie case. *Id.*

{¶30} We also note that the decedent's estate in *Rossi* also offered the opinion of a certified B-reader who conducted a records review of decedent's medical files. However, the defendant railroad challenged whether the B-reader met the statutory definition of a

"competent medical authority" found under R.C. 2307.91(Z). The railroad argued that there was nothing in the record to show that B-reader had treated decedent or had a doctor-patient relationship with decedent. Instead, the record showed that decedent was consistently treated by a single doctor and was never treated by the B-reader.

{¶31} Unlike the instant case, the decedent in *Rossi* was without the benefit of our pronouncement in *Sinnott*, 8th Dist. No. 88062, 2008-Ohio-3806, which allows a plaintiff who is treated by a team of doctors at a Veterans Administration hospital to sufficiently demonstrate a doctor-patient relationship for purposes of R.C. 2307.91(Z). Consequently, we were constrained to conclude that no medical authority had competently testified to a reasonable degree of medical certainty that decedent's exposure to asbestos was a substantial contributing factor to his lung cancer.

{¶32} The situation in *Holston v. Adience*, Inc., 8th Dist. No. 93616, 2010-Ohio-2482, provides yet another example of conjecture, which is insufficient to establish a prima facie case. In *Holston,* one of plaintiff's treating physicians, stated in pertinent part as follows: "In my medical opinion I feel that Mr. Holstons [sic] work history and his history of tobacco use directly contribute to his diagnosis of Lung Cancer."

{¶33} "I feel" in *Holston*, is just as inadequate as "may have" in *Rossi*, and, thus failed to establish a prima facie case as required by R.C. 2307.92 and 2307.93. Here, Dr. Rao's expert opinion, within a reasonable degree of medical certainty, laid out the causal

link between Mr. Renfrow's occupational exposure to asbestos dust, diesel fumes, and exhaust and him developing lung cancer and eventually dying.

**{¶34}** Pivotally, R.C. 2307.91(GG) defines "substantial occupational exposure to asbestos" as employment for a cumulative period of at least five years in an industry and an occupation in which, for a substantial portion of a normal work year for that occupation, the exposed person did any of the following:

**(1) Handled raw asbestos fibers;**

**(2) Fabricated asbestos-containing products so that the person was exposed to raw asbestos fibers in the fabrication process;**

**(3) Altered, repaired, or otherwise worked with an asbestos-containing product in a manner that exposed the person on a regular basis to asbestos fibers;**

**(4) Worked in close proximity to other workers engaged in any of the activities described in division (GG)(1), (2), or (3) of this section in a manner that exposed the person on a regular basis to asbestos fibers.**

**{¶35}** Here, in addition to Mr. Renfrow's medical records from the Veterans Administration and Dr. Rao's expert report, Mrs. Renfrow submitted the affidavit of Rockenbaugh, her husband's coworker for more than two decades. As previously stated in the affidavit, Rockenbaugh gave a detailed account of Mr. Renfrow's exposure to asbestos and asbestos products on an ongoing basis throughout his long tenure with Norfolk Southern. We have upheld the use of this selfsame evidence to establish substantial occupational exposure to asbestos. *See Hoover v. Norfolk S. Ry. Co.*, 8th Dist. Nos. 93479 and 93689, 2010-Ohio-2894.

{¶36} Along with Rockenbaugh's affidavit detailing Mr. Renfrow's asbestos exposure, along with the Veterans Administration's hospital records documenting his diagnosis of lung cancer, history of smoking, as well as the report of Dr. Rao, a competent medical authority, Mrs. Renfro provided ample evidence demonstrating that her husband's occupational asbestos exposure was a substantial factor in causing his lung cancer.

{¶37} The above evidence, when viewed collectively, is sufficient to survive an administrative dismissal. As such, the trial court did not err when it denied Norfolk Southern's motion to dismiss. Accordingly, we overrule the sole assigned error.

{¶38} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

SEAN C. GALLAGHER, P.J., and
EILEEN A. GALLAGHER, J., CONCUR